# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT JAY WARD,<br><br>                Plaintiff,<br>v.<br><br>ERIN WENGER, HASELEU, CO SILVA, TANYA WESNER, ANN YORK, YANA PUSICH, WARDEN HEPP, JESSICA HOSFELT, and DR. ENGLISH,<br><br>                Defendants. | Case No. 24-CV-222-JPS<br><br>**ORDER** |

      Plaintiff Robert J. Ward, an inmate confined at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by denying him adequate medical treatment. ECF No. 1. Since filing the case, Plaintiff has filed two amended complaints. ECF Nos. 6, 8. As the last filed pleading, the Court will accordingly treat the amended complaint filed on March 6, 2024, ECF No. 8, as the operative complaint going forward. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his amended complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 19, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $0.80. ECF No. 9. Plaintiff paid that fee on April 9, 2024. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2  Plaintiff's Allegations

On December 5, 2023, Plaintiff received a flu vaccination while housed in the restrictive housing unit ("RHU"). ECF No. 8 at 3. Later that night, Plaintiff's entire right shoulder was badly bruised, swollen, hot, and in severe pain. *Id.* As a result of these symptoms, Plaintiff could not move at all that night and into the following day. *Id.* Staff got ahold of the health services unit ("HSU") and gave Plaintiff ice for the pain and swelling. *Id.* Plaintiff complained of ongoing pain and that Tylenol was not helping at all. *Id.* On December 12, 2023, Plaintiff was seen by Nurse Brian who said he could not do much more for Plaintiff but set him up to see a provider. *Id.* Plaintiff put in another HSU slip and was seen on December 18, 2023, by Defendant Nurse Erin Wenger ("Wenger"). *Id.* Plaintiff told her that his arm was injured, that he had been unable to sleep since December 5, 2023, and that he could barely move. *Id.* Wenger put the blood pressure cuff on the injured arm and pumped it, causing Plaintiff additional severe pain. *Id.* Wenger then took Plaintiff's arms and began to forcefully pull and force

them down to Plaintiff's side. *Id.* Plaintiff tried to pull away, but she just grabbed his hands back. *Id.* Plaintiff felt like his muscle tore/was ripped off the bone. *Id.* Wenger then took two fingers and pinched Plaintiff's right arm muscle hard, again causing Plaintiff severe pain. *Id.* Plaintiff told Wenger that she was causing him pain and that he did not feel the harshness was necessary. *Id.* Wenger replied, "You'll be fine," and ended the visit. *Id.*

On December 19, 2023, Plaintiff wrote another HSU slip about Wenger's treatment and his pain. *Id.* Plaintiff received a response from Defendant Jessica Hosfelt ("Hosfelt") stating that he had been seen the following day and was told to continue his exercises and utilize canteen in the meantime. *Id.* Hosfelt did not address the fact that Plaintiff had been reinjured by Wenger and she did not reschedule him to re-examine his arm. *Id.* Plaintiff wrote to HSU numerous more times for treatment and Defendant Ann York ("York") put him off only by saying to continue his treatment. *Id.* Plaintiff informed HSU that treatment was not working. *Id.* Plaintiff wrote to Defendant HSU Manager Haseleu ("Haseleu") about the deliberate indifference and Wenger, but she took no action. *Id.* at 3-4. Plaintiff also wrote to his provider directly, Defendant APNP Tonya Wesner ("Wesner"), but he never received a reply. *Id.* at 4. Plaintiff has also written to Defendants Warden Hepp ("Hepp") and Security Director Pusich ("Pusich") about his need for treatment but received no help. *Id.*

Plaintiff brings a claim against Defendant Silva ("Silva") for picking up Plaintiff's ice bag to refill and never coming back with it; Plaintiff waited four days to get another ice pack. *Id.* Plaintiff also brings a claim against Defendant Dr. English ("Dr. English") for canceling his ACP appointment despite knowing that Plaintiff was in pain, and it was affecting his daily life. *Id.*

**2.3    Analysis**

The Court finds that Plaintiff may proceed against Wenger, Hosfelt, Haseleu, Wesner, York, Hepp, Pusich, Silva, and Dr. English on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Wenger, Hosfelt, Haseleu, Wesner, York, Hepp, Pusich, Silva, and Dr. English. Plaintiff alleges severe pain that affected his daily activities and that Defendants failed to provide him adequate treatment. As such, Plaintiff may proceed against Wenger, Hosfelt, Haseleu, Wesner, York, Hepp, Pusich, Silva, and Dr. English on an

Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

## 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Wenger, Hosfelt, Haseleu, Wesner, York, Hepp, Pusich, Silva, and Dr. English for their deliberate indifference to Plaintiff's serious medical need.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on **Defendants Wenger, Hosfelt, Haseleu, Wesner, York, Hepp, Pusich, Silva, and Dr. English**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $349.20 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust

account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.